UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL AXELSON,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS; CORRECTIONAL
MEDICAL SERVICES, INC.; IKRAM H.
KHAWAJA; MIAN Z. QAYYUM; GREG
C. SOTTEK; DALE KINNER; KHAWAJA
N. IKRAM,

    Defendants.
    _____/

Case No. 09-12514

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 9, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Michael Axelson ("Plaintiff"), a former state prisoner, filed this civil action against defendants pursuant to 42 U.S.C.A. § 1983 on June 25, 2009. In his complaint, Plaintiff alleges that defendants violated his constitutional right to be free from cruel and unusual punishment.[1] On January 8, 2010, Defendant Khawaja N. Ikram ("Dr. Ikram")

---

[1] On August 20, 2009, Plaintiff filed an amended complaint describing his claims in more factual detail.

filed a motion to dismiss or, in the alternative, for summary judgment.[2] The motion has been fully briefed and the Court dispensed with oral argument pursuant to Eastern District of Michigan 7.1(f)(2) on April 6, 2010. For the reasons set forth below, Dr. Ikram's motion for summary judgment is granted.

**I. Background**

On May 13, 2008, Plaintiff fell out of a bunk bed at the Jackson Cooper Correctional Facility, injuring his outstretched left hand. On May 21, 2008, an x-ray of Plaintiff's hand revealed that he had fractured the first metacarpal in his thumb. On June 5, 2008,[3] Plaintiff met with Dr. Ikram. Dr. Ikram is an orthopedist in Jackson, Michigan, who contracts with Correctional Medical Services, Inc., regarding the treatment of inmates detained by the Michigan Department of Corrections. Dr. Ikram informed Plaintiff that he could either allow the fracture to heal naturally or undergo surgery to place the thumb in a more normal position. Either way, Dr. Ikram also informed Plaintiff that there was no guarantee that he would ever regain full range of motion in the thumb. Plaintiff indicated that he wanted surgery and Dr. Ikram recommended that it be done within ten days. (Dr. Ikram's Mot. Ex. B.)

Between June 12, 2008, and June 18, 2008, individuals from health services at the

---

[2]The defendant in the caption named "Ikram H. Khawaja" has been terminated from the case because that defendant does not appear in Plaintiff's second amended complaint. Presumably, "Ikram H. Khawaja" was intended to refer to Dr. Ikram, but mistakenly transposed his name.

[3]Because this motion pertains only to the conduct of Dr. Ikram, the Court does not endeavor to summarize the events and treatment that took place at the correctional facility between the date of injury and Plaintiff's first interaction with Dr. Ikram on June 5, 2008.

2

correctional facility and Dr. Ikram's office made arrangements for Plaintiff's surgery to take place on June 23, 2008. On that day Dr. Ikram performed a successful surgery.[4]

As indicated above, Plaintiff filed the present lawsuit on June 25, 2009, and an amended complaint on August 20, 2009. As it pertains to the present motion, Plaintiff's amended complaint alleges, pursuant to 42 U.S.C.A. § 1983,[5] that Dr. Ikram violated his Eighth Amendment constitutional rights. Specifically, Plaintiff asserts that Dr. Ikram displayed deliberate indifference to a serious medical need by allowing an 18-day delay between the initial consultation and surgery. Dr. Ikram now seeks dismissal from this lawsuit.

**II. Standard of Review**

Dr. Ikram filed the motion presently pending before the court as both a motion to dismiss and a motion for summary judgment. Because both parties submitted exhibits in briefing the motion, the Court construes the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986).

---

[4]None of the claims in Plaintiff's amended complaint allege problems with the surgery or follow up care. (*See also* Pl.'s Resp. to Dr. Ikram's Mot.)

[5]Section 1983 creates liability for individuals acting under color of state law who deprive others of rights secured by the constitution.

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2).

**II. Deliberate Indifference to a Serious Medical Need**

To sustain an Eighth Amendment claim of cruel and unusual punishment based on inadequate medical treatment, Plaintiff must demonstrate that Dr. Ikram acted with deliberate indifference to his serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). As an initial matter, it is doubtful that Plaintiff's thumb fracture rises to the level of a sufficiently serious medical to demand constitutional protection. *See Atkins v. Yates*, No. 1:07-cv-01027-GSA PC, 2009 WL 1639586, *3 (E.D. Cal. June 9, 2009) ("While Plaintiff's injury and apparently permanent pain and disability are unfortunate, the defendant-doctors' maltreatment of his finger does not reach the level of a constitutional violation."); *see also Thomas v. Nassau County Corr. Ctr.*, 288 F. Supp. 2d 333, 338 (E.D.N.Y. 2003) (collecting cases). But, even assuming the fracture was sufficiently serious, Plaintiff was not actually denied medical treatment for his thumb; he merely claims that Dr. Ikram impermissibly delayed treatment.

Where a claim is based on a delay, the plaintiff "must place verifying medical

4

evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). In support of his motion, Dr. Ikram submitted an affidavit stating that the delay in Plaintiff's surgery had no impact on Plaintiff's recovery. (Dr. Ikram's Mot. Ex. A ¶ 10.) In response, Plaintiff failed to submit evidence establishing the detrimental effect of the delay.[6] Furthermore, other courts confronted with even longer delays in the treatment of broken fingers have concluded that a plaintiff's desire for faster treatment does not establish deliberate indifference on behalf of medical professionals. *See Maxey v. Astorga*, No. 93-16952, 29 F.3d 633 (tbl), 1994 WL 328212, * 2 (9th Cir. June 21, 1994); *see also Brock v. Crall*, No. 00-5914, 8 Fed. Appx. 439, 440 (6th Cir. April 27, 2001) ("[A] difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need."). As such, the Court grants Dr. Ikram's motion for summary judgment on Plaintiff's Eight Amendment claim.

**II. Gross Negligence**

Dr. Ikram also seeks summary judgment to the extent Plaintiff's amended complaint asserts a claim for gross negligence. Having reviewed the amended complaint, the Court remains uncertain that Plaintiff actually asserts a separate claim for "gross negligence." It

---

[6]Plaintiff attached various medical records related to his injury to his response. Although the records confirm that Dr. Ikram requested surgery for Plaintiff within 10 days of his consultation with Plaintiff, (Dr. Ikram's Mot. Ex. B), the exhibits fail to demonstrate that delay beyond that point caused damage that would not otherwise have occurred from the underlying injury. Plaintiff merely asserts, without support, that the delay allowed the fracture to continue healing out of place and that "Dr. Ikram's claim he was not indifferent is on its face, incredible." (Pl.'s Resp.)

5

appears that Plaintiff merely alleges, in support of his Eighth Amendment claims, that defendants acted with gross negligence.  In any event, Plaintiff failed to sufficiently respond to Dr. Ikram's arguments on this issue and even stated that the claim "is irrelevant."  (Pl.'s Resp.)  Therefore the Court concludes that Plaintiff has abandoned any claim for gross negligence against Dr. Ikram and grants Dr. Ikram's motion for summary judgment in its entirety.

Accordingly,

**IT IS ORDERED** that Dr. Ikram's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

Lawrence J. Schloss, Esq.
A. Peter Govorchin, Esq.
Brian J. Richtarcik, Esq.
Randall A. Juip, Esq.
Thomas E. Keenan, Esq.
Davidde A. Stella, Esq.
Edward C. Cutlip, Jr., Esq.